# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HENRY PACKARD,<br><br>    Petitioner,<br><br>    v.<br><br>CHRISTIAN PFEIFFER,<br><br>    Respondent. | Case No.: 1:19-cv-0150-JLT (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR FAILURE TO STATE A CLAIM<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

After conducting a preliminary screening, the Court finds that the petition filed in this case fails to present a cognizable ground for relief. Therefore, the Court will recommend that the petition be SUMMARILY DISMISSED.

## I.  PROCEDURAL HISTORY

On January 14, 2015, Petitioner was convicted in the Fresno County Superior Court of inflicting corporal injury to a spouse (Cal. Penal Code § 273.5(a)), four counts of dissuading a witness from prosecuting (Cal. Penal Code § 136.1(b)(2)), and misdemeanor battery (Cal. Penal Code § 243(a)(1)). (Doc. 1 at 1.) He was also found to have suffered a prior strike under California's Three Strikes law (Cal. Penal Code §§ 667(b)-(i) and 1170.12). (Doc. 1 at 1.) He was sentenced to a term of 12 years. (Doc. 1 at 1.) Petitioner appealed to the California Court of Appeal, Fifth Appellate District

and judgment was affirmed on July 20, 2017. (Doc. 1 at 2.) He then filed a petition for review in the California Supreme Court and the petition was denied on September 27, 2017. (Doc. 1 at 2.)

Petitioner states he also filed habeas petitions in the Fresno County Superior Court. He states his last habeas petition was denied on December 27, 2018. (Doc. 1 at 4.)

Petitioner filed his federal petition in this Court on February 4, 2019. He claims that the trial court violated the Double Jeopardy Clause by failing to stay his sentence on three of the four § 136.1(b)(2) convictions for which he received mandatory consecutive sentences.

## II. DISCUSSION

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

### B. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

It is well-settled that federal habeas relief is not available to state prisoners challenging state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings).

Petitioner claims the state court failed to stay the sentence on three of the four Cal. Penal Code § 136.1(b)(2) convictions. His challenge to the state court's application of state sentencing law does not give rise to a federal question cognizable on federal habeas review. Lewis v. Jeffers, 497 U.S. 764 (1990); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question").

With respect to his claim that the multiple punishments violate the Double Jeopardy Clause, habeas relief is unwarranted. The Fifth Amendment guarantee against double jeopardy protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. See North Carolina v. Pearce, 395 U.S. 711, 717 (1969), *overruled on other grounds by* Alabama v. Smith, 490 U.S. 794 (1989); see also Wilson v. Belleque, 554 F.3d 816 (9th Cir.2009). Double jeopardy is not implicated, however, when a defendant receives separate sentences for separate criminal acts. See, e.g., Eckert v. Tansy, 936 F.2d 444, 450 (9th Cir.1991) (convictions for two separate crimes that resulted in separate sentences did not violate double jeopardy principles); Walker v. Endell, 850 F.2d 470, 476 (9th Cir.1987) ("A state may punish separate offenses arising out of the same transaction without violating the double jeopardy clause."). In this case, the California courts ruled that each instance where Petitioner made a phone call to dissuade a witness constituted a separate and completed violation of California Penal Code § 136.1. People v. Packard, 2017 WL 3084265, at *3 (Cal. Ct. App. 2017), *review denied* (2017) (quoting People v. Kirvin, 231 Cal.App.4th 1507, 1519 (Cal. Ct. App. 2014)

(defendant was properly charged with multiple counts of violating the statute because a "separate violation of section 136.1, subdivision (b)(2) was completed each time [the defendant] placed a call to his sister urging her to persuade [the witness] not to go to court"). The federal court is bound by the state court interpretation of its own laws that separate violations of § 136.1 were committed. Thus, to the extent that Petitioner claims that his separate sentences for the four counts of attempting to dissuade a witness from testifying violate the Double Jeopardy Clause, his argument is without merit.

### III.     ORDER

The Court DIRECTS the Clerk of Court to assign a district judge to the case.

### IV.     RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be SUMMARILY DISMISSED with prejudice for failure to state a claim.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **February 7, 2019**          **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE